IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-10-1178 |
| | § | (C.A. No. C-12-89) |
| CARLOS RENE MONTEMAYOR, | § | |
| | § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER

On March 22, 2012, the Clerk received Movant Carlos Rene Montemayor's (Montemayor) motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, along with his brief in support. D.E. 19, 20. The government filed its Motion for Summary Judgment, Alternatively, Response and Motion to Dismiss. D.E. 31, 32. Montemayor filed a Reply. D.E. 34.

### I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

### II. FACTUAL BACKGROUND AND PROCEEDINGS

**A.  Summary of Offense**

Montemayor was arrested in December 2010 after he was stopped at the Falfurrias, Texas Border Patrol Checkpoint. D.E. 1. While stopped, a Border Patrol drug canine alerted to Montemayor's truck. Montemayor agreed to allow the Border Patrol to search his truck. Id. During the search, agents discovered a false floor under the bed of the truck in which they found 60 bundles of marijuana. The total weight of the marijuana was 165.26 kilograms. Montemayor was arrested. At the time of his arrest, he was wearing a coverall with a Pioneer Drilling patch on it. After waiving his Miranda rights, and during his interview with Border Patrol agents, Montemayor acknowledged

1

that he was not currently employed by Pioneer, although he was employed there before his previous conviction for forgery. Id. Ultimately he admitted he knew the drugs were in the truck and he was to be paid to transport them. Id. He also admitted that he has been transporting marijuana for the past ten years. Id.

**B.      Criminal Proceedings**

Montemayor was brought before a federal Magistrate Judge, informed of the charges against him, and appointed counsel. D.E. 3, Minute Entry December 6, 2010. He was detained pending trial. D.E. 5. The indictment issued in December 2010 charging Montemayor with possession with intent to distribute more than 100 kilograms, approximately 155 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B). D.E. 6.

On January 18, 2011, Montemayor signed a Memorandum of Plea Agreement with the government. D.E. 12. He was rearraigned the same day. Minute Entry, January 18, 2011, D.E. 29.

At rearraignment the Court confirmed that Montemayor had been given a copy of the indictment and that counsel explained it. D.E. 29 at 8. Montemayor testified that he understood the charges against him and that he was satisfied with counsel's services up to that point. Id. Montemayor testified that he signed the plea agreement voluntarily, was not forced to sign it, nor did anyone offer him anything, other than the terms of the agreement, to sign the agreement. Id. Montemayor further testified that he read the terms of the plea agreement , discussed it with counsel and he understood it. Id. at 9-11. The Court reviewed the waiver of appeal and the waiver of his right to file a motion pursuant to 28 U.S.C. § 2255. Montemayor acknowledged that he was aware of the

waivers, had discussed them with his attorney, and did not have any questions about the waivers.

Id. at 11-14.[1]

The Court advised Montemayor of the maximum punishment for his offense,

---

[1] 20 THE COURT: Okay. Now, I need to go over a
21 paragraph in your agreement called a Waiver of Certain
22 Appeal Rights. I need to ask you some questions about
23 that. First of all, I need to find out whether you were
24 aware that this waiver was in your Plea Agreement before
25 you signed it.
   *  *  *  *
6 THE COURT: Mr. Montemayor?
7 DEFENDANT MONTEMAYOR: Yes, sir.
   *  *  *  *
10 THE COURT: Okay. Did you discuss the waiver
11 with your lawyer before you signed the agreement?
   *  *  *  *
16 THE COURT: Mr. Montemayor?
17 DEFENDANT MONTEMAYOR: Yes, sir.
   *  *  *  *
20 THE COURT: Were you aware -- let me preface
21 my question first of all. When someone is convicted,
22 whether by trial or pleading guilty to a criminal
23 offense, there are a couple of ways that that person can
24 later try to set aside the conviction and the sentence.
25 One is by direct appeal of your case to the Fifth
1 Circuit Court of Appeals. There is another way known as
2 a proceeding under 28 United States Code Section 2255, a
3 collateral attack to try to set aside your conviction
4 and/or sentence.
   *  *  *  *
10 THE COURT: Mr. Montemayor, were you aware of
11 that?
12 DEFENDANT MONTEMAYOR: Yes, sir.
   *  *  *  *
16 THE COURT: Okay. Mr. Adams, do you feel like
17 you understand the waiver of appeal and how it affects
18 your rights in this case?
   *  *  *  *
22 THE COURT: Do you, Mr. Montemayor?
23 DEFENDANT MONTEMAYOR: Yes, sir.
   *  *  *  *
1 THE COURT: Do you have any questions that you
2 would like to ask me about the waiver of appeal and how
3 it affects your rights?
   *  *  *  *
8 THE COURT: Mr. Montemayor, any questions?
9 DEFENDANT MONTEMAYOR: No, sir.
Id. at 11-14.

> Mr. Montemayor, you're being held responsible for more than a hundred kilos and that puts you in this window of a *minimum mandatory of five years in prison up to forty*. You also can be fined up to five million dollars, at least four years of supervised release, and the same special assessment of community restitution I mentioned earlier. Do you understand that's your penalty range?

Id. at 15 (emphasis added). Montemayor testified he understood. Id.

The government recited the facts, which included a net weight of 165 kilograms of marijuana. Montemayor admitted the facts were correct and then pled guilty. Id. at 23-25.

The Court ordered a Presentence Investigation Report (PSR). D.E. 13. The PSR calculated Montemayor's base offense level based upon 165 kilograms of marijuana at 26, less 3 points for acceptance of responsibility, for a total offense level of 23. D.E. 14 at ¶¶ 11-20. Montemayor had several previous convictions that were scored, and one conviction that was not, for criminal history points of 3, to which 2 points were added because he was on probation at the time of his arrest, resulting in application of criminal history category of III. Id. at ¶¶ 22-27. The Guideline sentencing range was 57-71 months, with a statutory minimum sentence of 60 months and a maximum sentence of 40 years imprisonment. Id. at ¶¶ 39-40. Counsel filed no objections to the PSR. D.E. 16.

Sentencing was held in April 2011. Montemayor testified that he had reviewed the PSR with counsel and discussed it with him before sentencing. D.E. 27 at 3. Montemayor was sentenced to the statutory minimum sentence of 60 months. Id. at 5.

Montemayor did not appeal his sentence. He filed this timely motion pursuant to 28 U.S.C. § 2255.

### III.  MOVANT'S ALLEGATIONS

Montemayor raises several claims, 1) his criminal history was improperly enhanced with incorrect criminal history and 2) counsel was ineffective. The motion refers to his brief in support for more detail. Montemayor's brief elaborates on his concerns about his criminal history which are

raised here for the first time. He complains that the forgery charge against him resulted in deferred adjudication and that his guilt had not been adjudicated at the time of his sentencing in this case. He further contends that he was not still on probation at the time of his sentencing in the present case. D.E. 20. Furthermore, he claims that the Court erred in using a completely unadjudicated arrest for injury to a child against him. Id.

In support of his claim of ineffective assistance, Montemayor claims that counsel failed to object to the incorrect calculation of his criminal history after Montemayor brought the issue to his attention. Id. at 2.

The government urges dismissal of this proceeding on the ground that Montemayor waived his right to file it, and alternatively, that Montemayor's claims are without merit. D.E. 31 at 7, 14-16.

Montemayor filed a Reply and attached to it a file-stamped copy of the State's Motion to Adjudicate Guilt in his Duval County forgery case. D.E. 34 at 9. The motion recites that Montemayor pled guilty to forgery and the Court sentenced him to deferred adjudication, placed him on community supervision for two years, a period which began April 23, 2009, and was to conclude on April 22, 2011. In November 2010, Montemayor entered into an Agreed Modification which extended his supervision for an additional year until April 22, 2012.

Montemayor's Reply also asserts that his plea agreement and waivers were involuntary and unknowing because counsel allegedly told him that Montemayor's prior unadjudicated offenses and arrests would not be used to enhance his sentence. D.E. 34 at 2.

## IV. ANALYSIS

A.   28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).

**B.     Ineffective Assistance of Counsel**

An ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). To show that his attorney's performance at sentencing in a noncapital case was prejudicial under Strickland, the movant must demonstrate that counsel's error led to some increase in the length of his imprisonment. Glover v. United States, 531 U.S. 198, 203, 121 S.Ct. 696 (2001); United States v. Herrera, 412 F.3d 577, 581 (2005).

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th

6

Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

### C. Waiver of Right to File § 2255 Motion

Montemayor suggests that his claim that counsel induced him to plead guilty by assuring him that the Court would not use his prior unadjudicated offenses and arrests to enhance his sentence prevents enforcement of the waivers in his plea agreement, but his claims of ineffective assistance do not automatically relieve him of his waivers. See United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002) (an ineffective assistance claim survives a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself"). In White, the Court decided there was "no need to except ineffective assistance of counsel claims from the general rule allowing defendants to waive their statutory rights so that they can reach a plea agreement if they wish. The Sixth Amendment right to effective assistance of counsel may also be waived, and thus need not be treated any differently." Id. at 343 (internal citations omitted).

Montemayor testified that his plea was voluntary, that he had not been promised a particular sentence, that he had discussed the waivers with counsel, he understood them and he had no questions about the waivers for the Court. See Part II(B) at pp. 2-3. A defendant's sworn statements in open court are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). Montemayor's sworn statements preclude the relief he seeks here. He was not coerced, he understood the charges against him, he understood the trial rights he was giving up, he understood the possible maximum sentence he faced, and understood the waiver of his appellate and post-conviction rights. Because his waiver was knowing and voluntary,

7

Montemayor gave up the rights he now seeks to assert. The Court does not reach the merits of Montemayor's claims because they fall within the scope of his waiver. See United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights). Furthermore, this Court was required to sentence Montemayor to a minimum of 60 months imprisonment, the sentence he received.[2] For that reason, Montemayor's claims that counsel should have objected to his allegedly incorrect criminal history would have made no difference in his sentence.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Montemayor has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

---

[2] Montemayor had one criminal conviction that he does not challenge. That prior conviction removed his eligibility for safety valve which would have allowed this Court to sentence him below the statutory minimum sentence of 60 months. See U.S.S.G. § 5CF1.2(a)(1) (requiring in part that the defendant have no more than 1 criminal history point). Montemayor was convicted of driving while intoxicated in October 2002. He was sentenced to 18 months probation, but his probation was revoked and he serveed 60 days in jail. He was properly assessed 2 criminal history points for that conviction pursuant to § 4A1.1(b) of the sentencing guidelines. D.E. 14 at ¶ 23.

claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Montemayor is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. See Jones, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, Montemayor's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 19) is **DENIED**. He is also denied a Certificate of Appealability.

So **ORDERED** this 20th day of December, 2012.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE

9